UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>INNOVATIVE SERVICES NW,<br><br>  Defendant. | Case No. 3:23-cv-05173-TMC<br><br>ORDER GRANTING JOINT MOTION FOR ENTRY OF CONSENT DECREE |

Before the Court is the parties' joint motion to enter a consent decree. Dkt. 20. Both parties to the lawsuit—Plaintiff Equal Employment Opportunity Commission (EEOC), and Defendant Innovative Services NW (ISNW)—join the request.

EEOC brought this lawsuit alleging that ISNW discriminated against Carly Romero, a qualified individual with a disability, by refusing to provide her with a reasonable accommodation for her disability and terminating her employment because of her disability. Dkt. 20 at 1. ISNW filed an answer denying the claims in the complaint. *Id.* Seeking monetary and non-monetary relief, EEOC brought claims under Section 107(b) of the American with Disabilities Act of 1990 as amended (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

ORDER GRANTING JOINT MOTION FOR ENTRY OF CONSENT DECREE - 1

§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). *Id.*

To resolve the litigation, ISNW has agreed to the entry of the consent decree as "the final and complete resolution of all allegations of unlawful employment practices contained in Ms. Romero's EEOC charge, in the EEOC's administrative determination, and in the EEOC's Complaint filed herein." *Id.* at 2. The consent decree sets out that ISNW is to pay Romero $136,500.00, including "specific amounts for backpay and compensatory damages for emotional distress, pain and suffering, and reimbursement of out-of-pocket expenses." *Id.* The consent decree also provides for injunctive and other relief. Specifically, the consent decree enjoins "ISNW, its officers, agents, managers, supervisors, and human resource/employee relations staff, and its successors and assigns . . . from engaging in practices which unlawfully discriminate under the ADA." *Id.* at 5.

The consent decree also requires ISNW to retain an expert in the ADA and related employment policies and practices to serve as a consultant to assist with its compliance with the ADA and the consent decree. *Id.* The consent decree outlines the consultant's responsibilities and provides that the consultant shall have access to all complaints of disability discrimination and requests for accommodation submitted to ISNW, as well as all related documentation, decisions, and other information. *Id.* at 5–7. The consent decree also sets out anti-discrimination policies and procedures that ISNW must revise and implement, Equal Employment Opportunity training that ISNW must provide, non-disclosure requirements, requirements that ISNW develop and adopt performance policies and standards, a requirement that ISNW report annually to the EEOC, a requirement that ISNW post a Notice to Employees, and enforcement measures. *Id.* at 7– 20. Finally, the consent decree provides that the Court "shall dismiss this action with

prejudice and retain jurisdiction over this matter for the duration of this Consent Decree," which is to remain in effect for three years from the date of entry of the Consent Decree.[1] *Id.* at 20.

"A district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). A consent decree must "spring from and serve to resolve a dispute within the court's subject-matter jurisdiction," come "within the general scope of the case made by the pleadings," and "must further the objectives of the law upon which the complaint was based." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO v. City of Cleveland*, 478 U.S. 501, 525 (1986). The Court also considers whether the proposed consent decree is in the public interest. *See United States v. Oregon*, 913 F.2d 576, 581 (9th Cir. 1990).

The Court finds that the proposed consent decree meets these requirements. The consent decree resolves the dispute that prompted this litigation (over which this Court has federal-question jurisdiction) and it furthers the objectives of the ADA by seeking to ensure ISNW's compliance going forward. This objective also serves the public interest.

The Court therefore GRANTS the joint, unopposed motion to enter the proposed consent decree (Dkt. 20). The Court ADOPTS the proposed consent decree at Dkt. 20, including the attached exhibit at Dkt. 20-1, as the order of the Court. The Court will enter a separate order dismissing the case with prejudice but retaining jurisdiction to enforce the consent decree.

Dated this 2nd day of August, 2024.

_____
Tiffany M. Cartwright
United States District Judge

---

[1] This summary is not intended to modify the contents of the consent decree (Dkt. 20).